UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCUS S. JOHNSON JR.,

        Plaintiff,

v.                                  Case No. 19-CV-1067

COLTON KAMMER *et al.*,

        Defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON THE MERITS

Plaintiff Marcus S. Johnson Jr., a prisoner who is representing himself, brings this lawsuit under 42 U.S.C. § 1983. (Docket #1.) Johnson alleges that the defendants were deliberately indifferent to his medical needs when they failed to promptly get him medical ice, leaving him in excruciating pain. The defendants filed a motion for summary judgment on the grounds that Johnson failed to exhaust his administrative remedies. (Docket #20.) Johnson filed a motion for summary judgment on the merits. (Docket #29.) For the reasons explained below, I will grant summary judgment on exhaustion grounds in the defendants' favor and deny Johnson's motion for summary judgment.

### FACTS

Johnson alleges that he injured his back on July 8, 2019, and the Health Services Unit (HSU) doctor gave him a prescription for medical ice to ease the pain. (Docket #23, ¶3.) On July 9, 2019, at 1:30 p.m., he requested medical ice from the defendants. (*Id.*, ¶ 5.)

He made several more requests for ice for the next two hours, and at 3:31 p.m., he was finally allowed to obtain some medical ice. (*Id.*, ¶¶ 6-9.)

Green Bay Correctional Institution's (GBCI) grievance process under the Inmate Complaint Review System (ICRS) is as follows: within 14 days of an incident, an inmate must file an inmate complaint form (ICE complaint) with the inmate complaint examiner. Wis. Admin. Code § DOC 310.07(2). The inmate complaint examiner then must make a recommendation on the merits to the reviewing authority, who then either dismisses the ICE complaint, confirms it, or returns it to the inmate complaint examiner for further investigation. *Id.* §§ DOC 310.10(9), (12); 310.11(2). An inmate may appeal the reviewing authority's decision to the Corrections Complaint Examiner ("CCE") within 14 days of the decision, or an inmate may appeal if 45 days have elapsed since the inmate submitted the ICE complaint, and he has not received a decision. *Id.* §§ DOC 310.09(1), 310.11(3), 310.12(1). If the CCE accepts the appeal, the CCE will make a recommendation on the merits to the Secretary of the DOC. *Id.* § DOC 310.12(9). The Secretary's decision is final, and at that point, the inmate's administrative remedies are exhausted. *Id.* § DOC 310.13(3). Alternatively, if the inmate does not hear from the Secretary within 90 days of the date the CCE received the appeal, the inmate may consider his administrative remedies exhausted. *Id.* § DOC 310.13(4).

Johnson filed an ICE complaint through GBCI's ICRS on July 9, 2019, and ICRS received it July 11, 2019. (Docket #35-1 at 1-2.) Johnson then states it was more than three and a half weeks before he heard from the inmate complaint examiner. (Docket #34 at 1.) According to Johnson, he received a decision from the inmate complaint examiner on August 7, 2019. (*Id.*) He appealed and received the reviewing authority's decision on August

13, 2019. (*Id.*) On August 16, 2019, he appealed to the CCE and received an acknowledgment of receipt on August 29, 2019. (*Id.*) He did not receive a final decision from the Office of the Secretary until September 17, 2019. (*Id.* at 2.) He filed the complaint in this case on July 25, 2019. (Docket #1.)

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-

3

moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

Because Johnson was in custody at the relevant time, this lawsuit is governed by the Prison Litigation Reform Act ("PLRA"). The PLRA states in part that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court, and it produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)). The exhaustion rule also promotes efficiency, because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner is required to "properly use the prison's grievance process prior to filing a case in federal court." *Id.* "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). An inmate can overcome his failure to exhaust his administrative remedies only where he can demonstrate that the grievance process was unavailable to him. *Ramirez v. Young*, 906 F.3d

4

530, 538 (7th Cir. 2018). An inmate can show that a grievance process may be unavailable where "(1) prison officials are 'consistently unwilling to provide any relief to aggrieved inmates'; (2) the administrative schemed is 'so opaque that it becomes, practically speaking, incapable of use;' or (3) prison administrators take affirmative action to thwart use of the grievance process," but these are "only examples, not a closed list." *Id.* (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016)).

When taking the facts in a light most favorable to Johnson, it is clear he did not exhaust his administrative remedies before filing this suit. Johnson filed his ICE complaint on July 9, 2019. According to the DOC grievance procedures, the inmate complaint examiner and the reviewing authority have 45 days to render a decision. Wis. Admin. Code §§ DOC 310.09(1), 310.11(3), 310.12(1). Johnson filed this lawsuit on July 25, 2019—a mere 16 days after he filed his ICE complaint.

Even if the reviewing authority had failed to render a decision within 45 days, Johnson's next step would not be to file a suit in federal court, but to appeal the reviewing authority's decision. Johnson followed this step, but he did so after he filed suit in federal court. The reviewing authority here issued a decision on August 13, 2019, well within the 45-day window. Johnson appealed to the CCE three days later, suggesting he knew the various steps in the grievance process.

Additionally, Johnson has not demonstrated that the grievance process was otherwise made unavailable to him. At most, he asserts that he did not hear from the inmate complaint examiner until three-and-a-half weeks after he filed his grievance. This, however, does not suggest that the process was unavailable to him. Regardless, by that time, Johnson had already filed this lawsuit, so his suit is premature. *See Chambers*, 959 F.3d at 984. "A

5

Case 2:19-cv-01067-NJ   Filed 12/28/20   Page 5 of 7   Document 37

premature lawsuit must be dismissed without prejudice, and the prisoner must file a new suit after fully exhausting his administrative remedies." *Id.* (citing *Ford v. Johnson*, 362 F.3d 395, 389-400 (7th Cir. 2004)). As a result, I cannot reach a decision on Johnson's motion for summary judgment, because it is on the merits. A "district court lacks discretion to resolve [a] claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Accordingly, Johnson's motion for summary judgment is denied and the defendants' summary judgment motion on exhaustion grounds is granted, and the case is dismissed without prejudice.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment (Docket # 20) is **GRANTED.**

**IT IS FURTHER ORDERED** that Johnson's motion for summary judgment (Docket #29) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under

6

Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case

Dated at Milwaukee, Wisconsin this 28th day of December, 2020.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge